## NANNA S. BASSETT *vs.* JOSEPH LOEWENSTEIN AND ISAAC HAHN.

PROVIDENCE—MAY 17, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *New Trial. Appeal. Pleading and Practice. Accident and Mistake.*

A mistake by one of two joint defendants in claiming a jury trial without joining his co-defendant is a mistake of law; hence it is not of the character which entitles him to a trial under Gen. Laws cap. 251, § 2.

PETITION FOR A TRIAL under Gen. Laws, cap. 251, § 2, on the ground of accident and mistake. The facts are stated in the opinion and prior proceedings in this case in the former opinion, 22 R. I. 468. Heard on petition, and petition dismissed.

STINESS, C. J. The defendants, Loewenstein and Hahn, are sued as copartners. In the District Court Loewenstein offered no defence, but testified that Hahn was his copartner. After a decision for the plaintiff, Hahn claimed a jury trial in the Common Pleas Division of this court, without joining his co-defendant. Under our statutes this operates as an appeal. The case was dismissed for want of joinder in the claim for jury trial, and this petition is filed, under Gen.

Laws, cap. 251, § 2, for a new trial in the Common Pleas Division, on a claim for a jury trial in the names of both defendants, alleging a mistake in making the former claim.

(1)    The specific ground of mistake alleged is that the defendant Hahn believed and was advised that he had no right to join his co-defendant in a claim for a jury trial, and accordingly claimed the appeal for himself alone, in accordance with what had been recognized as, and was believed to be, the proper practice. This question was fully considered in *Bassett* v. *Loewenstein*, 22 R. I. 468, where it was held that after a decision against joint defendants a claim for a jury trial by one, not in the name of all, is void. The opinion reviews similar cases previously decided by this court to the same effect. Those cases rest upon the ground that as the judgment is joint, not several, being entire against both, it is, therefore, appealable by both jointly, or by one, in the name of both. One reason upon which the rule rests is that the allowance of separate appeals would leave a judgment against one party in one court, and another judgment against the other party or parties in another court, with the necessary consequence of separate executions running against them individually on a joint claim.

In addition to the cases cited in the opinion, the petitioner in this case relies on *Bassett* v. *Wickes*, Ex. 2795, now pending on exceptions to the refusal of a judge in chambers to dismiss the claim for jury trial by one of two defendants, as in this case.

Inasmuch as the judge who so ruled afterwards sat in the case of *Bassett* v. *Loewenstein*, *supra*, which held the contrary rule, it is evident that when he came to consider the question deliberately, he saw that his first impression was not according to our practice. The practice in this respect is not peculiar to this State. In 2 Ency. of Pl. & Pr. 182, the general rule is thus stated : '' All the parties against whom a joint judgment is rendered must be joined as co-appellants on an appeal taken by one or more of them, although statutes sometimes provide that an appeal may be taken by any one or more of the parties to a judgment or

decree, and that such judgment or decree shall remain in full force as to those not appealing." It also states that the rule is elementary, adopted to make the record on appeal agree with the record below, and that it is a matter of right for one to appeal in the name of all and against their consent.

Such being the long settled rule, it follows that the mistake set out by the petitioner is a mistake of law.

In *Howard* v. *Capron*, 3 R. I. 182, it was decided that a mistake of law was not of the character which entitles a party to a new trial under the statute. Obviously this must be so, since otherwise almost any wrong advice or mistake by counsel would entitle his party to a new trial.

The petition for a new trial is denied.

*George T. Brown*, for plaintiff.

*Wilson & Jenckes and William J. Brown*, for defendant.